# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

WILLIAM WILSON,

    Plaintiff,

v.                                                Case No. 19-10752

CITY OF FERNDALE,

    Defendant.

_____/

**OPINION AND ORDER GRANTING IN PART DEFENDANT'S MOTION TO DISMISS AND DECLINING TO EXERCISE SUPPLEMENTAL JURISDICTION OVER PLAINTIFF'S STATE LAW CLAIMS**

Plaintiff William Wilson worked for Defendant City of Ferndale for over 30 years until he was forced to retire at the age of 60. Plaintiff alleges that his forced retirement constitutes age discrimination under both the Age Discrimination in Employment Act of 1967 ("ADEA") and the Michigan Elliot Larsen Civil Rights Act ("ELCRA") and a violation of his due process rights under the Fourteenth Amendment. He further alleges that Defendant retaliated against him for opposing the racially-motivated hiring practices of the Police Chief. Defendant now moves to dismiss all of Plaintiff's claims, arguing that the claims are either time-barred or fail to state a claim. The motion has been fully briefed, and the court heard argument on this motion on August 21, 2019. For the reasons explained below, Plaintiff's federal claims cannot survive dismissal. The court will grant Defendant's motion in part as to Plaintiff's claims under the ADEA and Fourteenth Amendment. In the absence of any surviving federal claims, the court will decline to exercise supplemental jurisdiction over Plaintiff's remaining state law claims.

# I. BACKGROUND

The court draws the following factual allegations from the complaint. Plaintiff began his employment with Defendant in 1986 as a police officer. He was promoted several times throughout his career and eventually achieved the rank of Detective Lieutenant. Around 2010, Timothy Collins was promoted from Captain to Police Chief and became Plaintiff's supervisor. In turn, Plaintiff was promoted to second-in-command but not formally promoted to the position of Captain. The Captain position remained vacant for approximately seven years, and during this time, Plaintiff performed all the work of Captain without receiving the benefits or pay of the position.

In 2015, Defendant began accepting applications for the Captain position. Plaintiff applied for the position and was selected as a top candidate, but Defendant ultimately selected a younger applicant. According to Plaintiff, both his age and the racially-motivated hiring considerations of Chief Collins impacted this hiring decision. Plaintiff alleges that Defendant planned to force him to retire at age 60 and that Chief Collins, who would also soon retire, wanted to ensure that he appointed the next Captain to avoid the possibility of a black man being selected for the position. Plaintiff protested this racially-motivated hiring consideration to the Chief.

Ultimately, Defendant forced Plaintiff to retire on February 16, 2018. According to Defendant, Plaintiff was forced to retire pursuant to Section 19 of the City Charter which states, in relevant part:

> A member shall be retired upon his attainment of 55 years: Provided, however, upon his written application, approved by his department, head, the Board may continue the member in [Defendant] City employment for periods not to extend beyond his attainment of age 60 years. Upon his retirement, he shall receive a pension provided in section 20.

(ECF No. 1-4, PageID 29.) Plaintiff asserts that Defendant selectively enforced this mandatory retirement policy against him. However, his primary argument is that he was not subject to the retirement policy because, in 1999, he relinquished his rights to a pension in favor of a 401k plan.

## II. STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for dismissal of a complaint for failure to state a claim upon which relief may be granted. Under the Rule, the court construes the complaint in the light most favorable to the plaintiff and accepts all well-pleaded factual allegations as true. *Barber v. Miller*, 809 F.3d 840, 843 (6th Cir. 2015).

Federal Rule of Civil Procedure 8 requires a plaintiff to present in the complaint "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must provide sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that defendant acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "To state a valid claim, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain recovery under some viable legal theory." *Boland v.*

*Holder*, 682 F.3d 531, 534 (6th Cir. 2012) (emphasis removed) (citing *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007)). Determining whether a complaint states a plausible claim for relief is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555).

### III. DISCUSSION

#### A. ADEA Age Discrimination Claim (Count I)

Defendant raises two challenges to Plaintiff's age discrimination claim. First, Defendant argues that the claim is time-barred because Plaintiff failed to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") within 300 days of his failed promotion. Although Plaintiff's EEOC filing describes a failure to promote claim, it also contains an age discrimination claim based on Plaintiff's forced retirement. (ECF No. 1-1, PageID 22.) In his response to Defendant's motion to dismiss, Plaintiff clarifies that the discrimination claim in his complaint pertains to his forced retirement, not his failed promotion. (ECF No. 11, PageID 97.) Plaintiff explains that his complaint includes references to events occurring outside of the applicable statute of limitations to provide context for his discrimination claim. (ECF No. 11, PageID 97.)

Plaintiff was forced to retire on February 16, 2018. He filed a discrimination complaint with the EEOC on September 4, 2018 (ECF No. 1-1) and received his right to sue letter on December 17, 2018. (ECF No. 1-2.) Plaintiff filed the instant complaint on March 13, 2019. Thus, his age discrimination claim is timely under the ADEA's 300-day filing window. *See* 29 U.S.C. § 626(d)(1); *Schoneboom v. Michigan*, 28 F. App'x 504, 505 (6th Cir. 2002) ("In a deferral state such as Michigan, a charge of discriminatory

4

conduct must be filed with the Equal Employment Opportunity Commission (EEOC) within 300 days after the alleged unlawful act occurs."). Even though Plaintiff's claim is timely, it cannot survive dismissal for the reasons explained below.

In its second argument, Defendant asserts that Plaintiff's ADEA claim fails because the ADEA authorizes mandatory retirement provisions for police officers. (ECF No. 9, PageID 64.) The ADEA authorizes mandatory retirement "pursuant to a bona fide hiring or retirement plan" for law enforcement officers and firefighters over age 55. *See* 29 U.S.C. § 623(j); *see also Sadie v. City of Cleveland*, 718 F.3d 596, 601 (6th Cir. 2013) ("The Act allows state and local governments to terminate police and fire officers on the basis of their age pursuant to mandatory-retirement provisions."). Plaintiff responds that he was not subject to Defendant's mandatory retirement policy because he relinquished his right to a pension and opted to receive a 401k plan. (ECF No. 11, PageID 90.) However, Plaintiff's decision to receive a 401k as opposed to a pension does not remove him from Defendant's retirement system nor make the policies governing that system inapplicable to him.

The City Charter of Ferndale establishes the policies governing Defendant's retirement system for police officers and firefighters. The court may consider the Charter in deciding this motion because it is a public record. *Commer. Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 336 (6th Cir. 2007) ("A court may consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment.").

Section 13 of Chapter XIXB of the City Charter defines the membership criteria for Defendant's retirement system:

> (a) All policemen and fireman, as defined in this chapter, who are in the employ of the City shall be members of the retirement system, and all persons who become policemen or firemen in the employ of the City shall thereupon become members of the system.
>
> (b) In any case of doubt as to who is a member of the retirement system within the meaning of the provisions of this chapter, the Board shall decide the question.

(ECF No. 9-2, PageID 78.) Based on the plain meaning of this section, Plaintiff is a member of Defendant's retirement system. Plaintiff does not dispute his membership; in fact, he acknowledges that he was a member in the complaint: "On or around March 31, 1999, D/Lt. Wilson had "voluntary elected to permanently relinquish [his] rights to the City of Ferndale Police and Fire Retirement System defined benefit plan in which [he is] currently a participating member." (ECF No. 1, PageID 8–9 (alterations in original).)

Section 14 of the Charter provides for the termination of membership in the following circumstances:

> Except as otherwise provided in this Chapter, should any member cease to be a policeman or fireman in the employ of the City, for any reasons except his retirement or death, he shall thereupon cease to be a member and his credited service shall be forfeited by him. . . . Upon a member's retirement or death he shall thereupon cease to be a member.

(*Id.*) Plaintiff does not argue that this termination provision applies to him, nor does he argue that there exists any other exception to his membership in the retirement system.

Section 19 of the Charter establishes the mandatory retirement policy at issue in this case: "[a] member shall be retired upon his attainment of 55 years. . . . Upon [a member's] retirement he shall receive a pension provided in Section

6

20." (ECF No. 9-2, PageID 78.) Plaintiff urges the court to focus on the second half of Section 19. Plaintiff views Section 19's requirement that a member "shall receive a pension" as evidence that he was not subject to the mandatory retirement policy. According to Plaintiff, he signed a contract "opting out" of the pension plan and, therefore, could not be subject to the mandatory retirement provision because he did not receive a pension. The court is not persuaded by such *circulus in demonstrando* reasoning.

Plaintiff was a "policeman" as he has acknowledged. Based on the plain language of the City Charter, Plaintiff was therefore a member of Defendant's retirement system. As such, he was subject to mandatory retirement at age 55. His election to receive a 401k plan as opposed to a traditional pension does not remove him from the retirement system or change the fact that he was a "member" of the system. Accepting all of Plaintiff's well pleaded factual allegations as true, he was a member of Defendant's retirement system and thus subject to the mandatory retirement policy outlined in the City Charter. Accordingly, the court will grant Defendant's motion to dismiss his ADEA claim.

### B. Due Process Claim under 42 U.S.C. § 1983 (Count II)

Plaintiff claims that his mandatory retirement violated his due process rights because he was deprived of his "expectation of continued employment" without notice and the opportunity the be heard. (ECF No. 1, PageID 13–14.) The Fourteenth Amendment provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. From these protections spring the rights to both substantive and procedural due process. Plaintiff's

claim relates to procedural due process, which prohibits the state deprivation of property rights without "the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (internal quotation omitted). Before the court can consider the adequacy of Plaintiff's opportunity to be heard, Plaintiff must first allege that he was deprived of a recognized property right or liberty interest to state a claim. The complaint is lacking in this respect.

Plaintiff's claim fails at its inception because he does not have a property interest in continued employment past the age of 60. "Property interests, of course, are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 577 (1972). The "existing rules" giving rise to Plaintiff's property right here stem from the City Charter. Section 13 of the City Charter states that "[a] member shall be retired upon his attainment of 55 years." (ECF No. 9-2, PageID 78.) This provision makes clear that officers have no property interest in indefinite employment. Plaintiff was forced to retire at the age of 60 pursuant to Section 13. His contention that he was entitled to continued employment is, therefore, a legal conclusion masquerading as a factual allegation which the court need not accept.[1] Accordingly, because Plaintiff has not alleged the

---

[1] Even if Plaintiff had a property interest in his continued employment, his claim would fail. The mandatory retirement provision of the Charter provides Plaintiff with proper notice: "A member *shall be retired* upon his attainment of 55 years." (ECF No. 1-4, PageID 29 (emphasis added).) Additionally, Section 13(b) establishes a hearing procedure for determining membership status. (*Id.*) Plaintiff does not allege that he attempted to challenge his membership status in any way, let alone that the process for determining membership was inadequate.

deprivation of any legitimate property right, his claim must be dismissed. *See Police Benevolent Ass'n of the N.Y. State Troopers v. Bennett*, 477 F. Supp. 2d 534, 544 (N.D.N.Y. 2007) (Hurd, J.) (dismissing a due process claim brought by a police officer who claimed to have a property right in his continued employment beyond the age of mandatory retirement established by city policy).

## VI. CONCLUSION

For the reasons explained above, Plaintiff's due process and federal age discrimination claims fail at their inception based on the plain language of the City Charter. In the absence of any surviving federal claims, the court will decline to exercise supplemental jurisdiction over Plaintiff's ELCRA claims and will dismiss the claims without prejudice. *See Novak v. MetroHealth Med. Ctr.*, 503 F.3d 572, 583 (6th Cir. 2007) (citing 28 U.S.C. § 1367(c)(3)) ("A district court may decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it had original jurisdiction."). Accordingly,

IT IS ORDERED that Defendant's Motion to Dismiss (ECF No. 9) is GRANTED IN PART as to Plaintiff's federal age discrimination (Count I) and due process (Count II) claims.

IT IS FURTHER ORDERED the court DECLINES to exercise supplemental jurisdiction over Plaintiff's remaining state law claims and they are DISMISSED WITHOUT PREJUDICE.

                                       s/Robert H. Cleland
                                       ROBERT H. CLELAND
                                       UNITED STATES DISTRICT JUDGE

Dated: August 29, 2019

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, August 29, 2019, by electronic and/or ordinary mail.

                                                              s/Lisa Wagner
                                                              Case Manager and Deputy Clerk
                                                              (810) 292-6522

S:\Cleland\Cleland\HEK\Civil\19-10752.WILSON.mtd.HEK.3.docx